BURTON v. MASON.

1. **Judgment:** COLLATERAL AGREEMENT TO RESTRAIN. If it be conceded that a judgment and its legal incidents can be restrained or affected by an antecedent collateral agreement resting in parol, such agreement must be clearly and satisfactorily established.*

2. **Costs:** DISCRETION. Where the plaintiff obtains relief in part, though he fails as to the main ground, an order of the District Court that defendant pay his own costs will not be disturbed.

*Appeal from Dubuque District Court.*

THURSDAY, JANUARY 28.

IN EQUITY. — The plaintiff's bill sought to have the balance due on a certain decree of foreclosure for money

---

* See *Toucey, Floyd & Love* v. *Bishop*, 22 Iowa, 178.

satisfied, on the ground that it was agreed between the parties prior to the foreclosure, that if the present plaintiff (the mortgagor) would make no defense, and if the present defendant (the mortgagee) should get title to the mortgaged property, he should take the same in satisfaction of the debt.

The defendant obtained his decree. The plaintiff did not defend against it. The property was bid in and title acquired by the defendant, leaving a large balance against the plaintiff.

The object of the present suit is to enforce the alleged agreement. The answer denies *in toto* the making of any such contract.

Much testimony was taken on both sides. At the hearing, the District Court found that the plaintiff had failed to establish the agreement and dismissed the bill. From this order the plaintiff appeals.

The District Court found that an execution to enforce the balance of the decree had been unlawfully issued and ordered the same to be recalled.

This action of the court is not complained of by the defendant, but he does object to that portion of the decree which, after dismissing the petition, orders the defendant to pay his own costs.

*S. M. Pollock* for the plaintiff (appellant).

*Myron H. Beach* for the appellee.

DILLON, Ch. J. — Conceding that an anterior, independent, collateral agreement, resting in parol, such as

1. JUDGMENT: collateral agreement to restrain.

the plaintiff makes the basis of his suit, can be shown to affect the subsequent judgment and control the right of the parties thereunder, it is requisite that the agreement should be clearly and satisfactorily established in point of fact.

We agree with the statement in the printed argument of the appellant's attorney, that "the real question in this case is one of fact, and is simply this : has the plaintiff established by a reasonably clear and fair preponderance of evidence the contract of settlement set up by him, viz., that Mason was to take the property mortgaged in full satisfaction of the debt due from Burton to him, and that Burton was not to defend the foreclosure suit brought by Mason against him ?"

All of the testimony in the record bearing upon this question has been examined, and the result is, that this court agrees in opinion with his honor below, that the plaintiff has failed satisfactorily to establish the existence of the alleged contract.

Respecting this contract, each party was his own main witness. The plaintiff affirmed and defendant denied it. The circumstances surrounding the transactions between the parties, the probabilities of the case, as well as the weight of corroborating evidence is with the defendant rather than the plaintiff.

To strengthen his case and to overcome the positive denial and testimony of the defendant, the plaintiff relies largely upon the evidence of Everett. This consists of an alleged admission by the defendant some years after he obtained his decree, and also some years prior to the time when Everett testified. When Everett was first examined, he denied that he knew or recollected of the admission. Subsequently he testified to it, but his statement is so vague and confused, that, aside from other circumstances which might be mentioned, it is entitled to but little weight. It is more than overcome by the contemporary memorandum of the defendant, and his explicit testimony. Defendant's memory as to some matters of recent occurrence may be somewhat impaired by age, as maintained by the plaintiff's counsel, but his recollection

of his transactions with the plaintiff seem to be more distinct, better defined than the plaintiff's, and his testimony characterized with equal candor, and entitled to, at least, equal credit.

The onus is on the plaintiff, and his case must fail because he has not the weight of the evidence with him.

2. Costs: discretion. We see no reason to disturb the order of the court as to the costs, as the plaintiff obtained relief in part, and as under the admissions in the defendant's answer, he was entitled to a credit on the decree as of April, 1858, for $159.67.

The District Court should have ordered this amount to be credited on the decree; and such an order will now be made in this court. In all other respects the decree below is affirmed.

We do not find it necessary to give any opinion respecting the constitutionality of chapter 79, Laws 1862, which the District Court held to be invalid so far as it undertook to give to the clerk of the District Court power to issue execution on judgments rendered in the city court.

Affirmed.